#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| **KEITH A. KARTMAN,** | **Bankruptcy No. 07-26242-MBM** |
| Debtor. | |
| **Morton F. Schweitzer and Sally Schweitzer,** | **Chapter 7** |
| Plaintiffs, | |
| v. | **Adversary No. 08-2010-MBM** |
| **Keith A. Kartman,** | |
| Defendant. | |

Appearances:    Jon M. Lewis, for Morton and Sally Schweitzer.
Mary Bower Sheats, for Keith Kartman.

## **MEMORANDUM**

**AND NOW,** this **15th day** of **July, 2008**, upon consideration of (a) the adversary complaint brought by Morton and Sally Schweitzer, the instant plaintiffs (hereafter "the Schweitzers"), against Keith Kartman, the instant debtor (hereafter "the Debtor"), wherein the Schweitzers seek a determination by this Court that their state court judgment claim against the Debtor, originally for $106,372.60 but now for $167,114.98 to allow for interest and additional costs (hereafter "the Schweitzers' State Court Judgment Claim"), is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and/or (a)(6), (b) the Debtor's answer, and (c) the Schweitzers' complaint that they filed in the Pennsylvania Court of Common Pleas, Allegheny County, in 1997, which complaint ultimately resulted in a 1998 default judgment against the Debtor that constitutes the basis for the Schweitzers' State Court Judgment Claim (hereafter "the State Court

Complaint");

and subsequent to notice and a trial on the matter, which trial was held on June 30, 2008;

it is **hereby determined that the Court shall issue an order to the effect that the Debtor prevails in the instant adversary proceeding** and, thus, the Schweitzers' State Court Judgment Claim is **DISCHARGED**, that is such claim is not excepted from the Debtor's Chapter 7 discharge (i.e., such claim is not nondischargeable).

The rationale for the Court's decision is briefly set forth below.

## I.

At the outset, the Court holds that the judgment that forms the basis for the Schweitzers' State Court Judgment Claim is entitled to neither collateral estoppel (i.e., issue preclusion) nor *res judicata* (i.e., claim preclusion) effect vis-a-vis the requisite elements of the Schweitzers' nondischargeability causes of action under § 523(a)(2)(A) and (a)(6). See In re Saler, 205 B.R. 737, 741-742 (Bankr.E.D.Pa. 1997); In re Bowen, Bankr.No. 96-25525, Mot.No. 98-1816M & Adv.No. 97-2046M (6/16/98), at 5-7 (the law in Pennsylvania is that default judgments are not accorded collateral estoppel effect in future suits; also, state court default judgments have *res judicata* effect in subsequent bankruptcy actions but only to the limited extent of the existence and amount of a creditor's claim in such bankruptcy case); In re Kober, Bankr.No. 95-21268, Adv.No. 95-2264 (10/28/96), at 5-7 (same).

## II.

The rationale as to why the Schweitzers' State Court Judgment Claim cannot be excepted from discharge pursuant to § 523(a)(2)(A) is relatively straightforward. In order for a debt to be nondischargeable pursuant to § 523(a)(2)(A), such debt, by virtue of such statutory provision's plain language, must be "for money, property, services, or an extension, renewal, or refinancing of credit," that the Debtor obtained by "false pretenses, a false representation, or actual fraud." See 11 U.S.C.A. § 523(a)(2)(A) (West 2004); see also 4 Collier on Bankruptcy, ¶ 523.08[1][a] at 523-44.7 (Bender 2008) (debt doesn't fall within exception unless it is one for money, etc. obtained by false pretenses or representations or actual fraud).

Unfortunately for the Schweitzers, the State Court Complaint clearly reveals that (a) the Schweitzers sued the Debtor in state court not for anything that the Debtor obtained from the Schweitzers (be it by fraud or otherwise) but rather for physical damages that the Schweitzers incurred to their real property, which damages to such realty they alleged the Debtor caused, and (b) the resulting judgment debt that the Debtor now owes to the Schweitzers (i.e., the Schweitzers' State Court Judgment Claim), not surprisingly, is not one for anything that the Debtor obtained from the Schweitzers but rather is one simply for alleged physical damages to their realty. Because the Schweitzers' State Court Judgment Claim does not represent a debt by the Debtor for anything that the Debtor obtained from the Schweitzers, such debt does not constitute the type of debt that can be excepted from discharge pursuant to § 523(a)(2)(A).

Accordingly, it matters not, for purposes of § 523(a)(2)(A), whether the Debtor, at any point in his dealings with the Schweitzers, engaged in fraud as to them – regardless of any such fraud (or whether such fraud could be proven), the debt that is the Schweitzers' State Court Judgment Claim cannot be excepted from discharge via § 523(a)(2)(A).[1]

### III.

The Schweitzers also maintain that the Schweitzers' State Court Judgment Claim is nondischargeable pursuant to § 523(a)(6) on the ground that it represents a debt of the Debtor for willful and malicious injury.

This Court has previously held that

> [a] nondischargeable debt under § 523(a)(6) is one that was incurred by the debtor as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523(a)(6) (West 1993). "The word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability [under § 523(a)(6)] takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that

---

[1]As an aside, the Schweitzers concede that the only thing that the Debtor obtained from them at any time was the $18,000 that the Debtor received as payment under the contract that existed between the parties.  Because such $18,000 represents the entirety of money, property, services, etc. that was obtained by the Debtor from the Schweitzers, even if the Schweitzers were to prevail on their nondischargeability cause of action under § 523(a)(2)(A), only $18,000 plus post-judgment interest that corresponds to such amount, rather than $167,114.98, could possibly be excepted from discharge pursuant to § 523(a)(2)(A).

leads to injury." Kawaauhau v. Geiger, 118 S.Ct. 974, 977, 523 U.S. 57, 140 L.Ed.2d 90 (1998). An injury is deliberate or intentional "if the actor purposefully inflicted the injury or acted with [knowledge that there was] substantial certainty that injury would result." In re Conte, 33 F.3d 303, 305 & 307-09 (3rd Cir. 1994); Geiger v. Kawaauhau (In re Geiger), 113 F.3d 848, 852-54 (8th Cir. 1997), *aff'd*, 118 S.Ct. 974, 523 U.S. 57, 140 L.Ed.2d 90 (1998); In re Slosberg, 225 B.R. 9, 18-19 (Bankr.D.Me. 1998) (citing, at n.12, State of Texas v. Walker, 142 F.3d 813, 823-24 (5th Cir. 1998); In re Kidd, 219 B.R. 278, 285 (Bankr.D.Mont. 1998); In re Dziuk, 218 B.R. 485, 487 (Bankr.D.Minn. 1998)); In re Grover Hughes Phillippi, Bankr.No. 98-21819-MBM, Adv.No. 98-2256-MBM (Bankr.W.D.Pa. 7/20/99), at 7-11 & n.4.

In re Slomnicki, 243 B.R. 644, 649 (Bankr.W.D.Pa. 2000) (also holding that the Third Circuit's holding in Conte that an injury is deliberate or intentional if an actor acts with knowledge that there is substantial certainty that injury will result remains good law notwithstanding that it was decided prior to the U.S. Supreme Court's decision in Kawaauhau); *see also* In re Ali, 321 B.R. 685, 693-694 (Bankr.W.D.Pa. 2005) (quoting from Slomnicki); In re Jacobs, 381 B.R. 128, 137 & n.18 (Bankr.E.D.Pa. 2008) (citing Ali approvingly and holding that Conte presently remains good, indeed binding, law in this circuit).

After examining the State Court Complaint, the Court can discern but two potential injuries to property interests of the Schweitzers that may have been

5

redressed by the judgment that forms the basis for the Schweitzers' State Court Judgment Claim. The first such injury is the physical damage to the Schweitzers' realty, which damage is alleged to have been caused by actions of the Debtor. In particular, the Schweitzers maintain that the Debtor improperly built a retaining wall in the backyard of their realty (hereafter "the Retaining Wall"), and that, as a result, their backyard slid down a hill, necessitating further corrective work to such backyard (which corrective work was never ultimately performed). The second such injury is the Schweitzers' alleged loss of their legal right to obtain from their neighbors (and those others that, along with such neighbors, entered into a release with the Schweitzers, which release was attached to the State Court Complaint – such others, along with such neighbors, are hereafter referred to as "the Neighbors") an appropriate amount to compensate the Schweitzers for damage that the Neighbors caused to the Schweitzers' realty, which incurrence of damages preceded – and was supposed to have been cured by – the Retaining Wall that the Debtor was hired to build on such realty. With respect to the aforesaid second injury, the Schweitzers' theory is that (a) the Debtor bid too low the curative work that he was to do for the Schweitzers (i.e., building the Retaining Wall), (b) the Schweitzers relied on such bid to their detriment by consequently utilizing such bid as a basis for settling their claim against the Neighbors for, argue the Schweitzers, too low of an amount, and (c) the Debtor was aware when he submitted such bid to the Schweitzers that it would be utilized by them as a basis for arriving at a settlement with the Neighbors.

    In order for the Schweitzers' State Court Judgment Claim to be excepted

from discharge pursuant to § 523(a)(6), the Schweitzers must prove, by a preponderance of the evidence, that the Debtor willfully and maliciously caused at least one of the two aforesaid injuries that were incurred by the Schweitzers. Applying the foregoing law to the instant matter, the Court holds, for the reasons set forth below, that the Schweitzers have failed to preponderantly prove that the Debtor willfully caused either of the two aforesaid injuries.

Looking first at the physical damage to the Schweitzers' realty, the Schweitzers have not even alleged, and, in any event, have not proven that (a) the Debtor, when he built the Retaining Wall, did so with the purpose in mind that such wall would quickly fail, and (b) the Debtor, by virtue of his construction of the Retaining Wall, consequently intended to physically harm the backyard of the Schweitzers' realty.  The Court also holds that the Schweitzers have not preponderantly proven that, by virtue of the manner in which the Debtor constructed the Retaining Wall, it was substantially certain that such wall would fail.  The only evidence that the Court finds to be even remotely relevant to the issue of such substantial certainty is

(a)  trial testimony by a City of Pittsburgh building inspector, one Edward McAllister, to the effect that the Retaining Wall was not built in conformance with the City of Pittsburgh building code;

(b)  deposition testimony by a civil engineer, one Steven Gerard Sawyer, to the effect that, given the manner in which the Debtor constructed the Retaining Wall, the wall was susceptible to failure, *see* Sawyer Dep. at p. 32 line 22 ("that wall *can* fail");

7

(c) the opinion by a consulting engineer/land surveyor, one J. Robert Gales, to the effect that the "[R]etaining [W]all's method of construction is ... grossly inadequate for [the] height[] installed," which opinion was given in an August 25, 1997 letter that was subsequently attached as an exhibit to the Sawyer Deposition, *see* Sawyer Dep. Ex. 4; and

(d) additional deposition testimony by Sawyer to the effect that he agreed with the foregoing assessment of Gales, *see* Sawyer Dep. at p. 35 lines 7 & 8.

Unfortunately for the Schweitzers, none of the foregoing evidence establishes substantial certainty that the Retaining Wall would fail by virtue of how it was constructed. In particular,

(a) because the Retaining Wall was not built in conformance with a city building code does not thereby mean that such wall was also substantially certain to fail in the future; indeed, because no evidence was introduced at trial to establish that such a building code violation necessarily corresponds with such substantial certainty, that such building code violation occurred tends to prove nothing vis-a-vis the substantial certainty issue;

(b) testimony by a civil engineer to the effect that the Retaining Wall was merely susceptible to failure by virtue of how it was constructed is, of course, not tantamount to an opinion by such engineer that – and, for that matter, is not even really probative as to whether – such wall was substantially certain to fail in the future; and

(c) an opinion by an engineer/land surveyor to the effect that the Retaining

>Wall's method of construction was grossly inadequate, and agreement with such assessment by a second engineer, although the same tends to prove negligence, perhaps even recklessness, with respect to such construction by the Debtor, is insufficient to establish the requisite substantial certainty absent further testimony by the first engineer as to what he meant by the phrase "grossly inadequate."

As for the alleged impairment by the Debtor of the Schweitzers' ability to properly settle their claim with the Neighbors, the Schweitzers have not preponderantly proven that the Debtor knew, when he submitted the bid to the Schweitzers to build the Retaining Wall, that such bid was too low; the evidence introduced at trial was such that, in the Court's view, it was at least equally likely that the Debtor did not learn of the insufficiency of such bid until he had progressed substantially into the construction of the Retaining Wall.  Because the Schweitzers have not preponderantly proven that the Debtor knew, when he submitted the bid to the Schweitzers to build the Retaining Wall, that such bid was too low, the Schweitzers cannot possibly demonstrate that the Debtor willfully sabotaged (i.e., injured), that is intended to sabotage, their settlement efforts with the Neighbors.  As well, the Schweitzers have failed to preponderantly prove that, when the Debtor put together his bid to construct the Retaining Wall, he did so in such a fashion that it was substantially certain that such bid would ultimately prove to be inadequate.

In light of the foregoing, the Schweitzers have failed to preponderantly prove that the Debtor willfully caused either of the two injuries to property

interests of the Schweitzers that may have been redressed by the judgment that forms the basis for the Schweitzers' State Court Judgment Claim. Therefore, the debt that is the Schweitzers' State Court Judgment Claim cannot be excepted from discharge via § 523(a)(6).

**IV.**

For all of the reasons stated above, the Court shall issue an order – which order is attached to the instant Memorandum – that is in the form as set forth on page 2 above.

**BY THE COURT**

   **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **KEITH A. KARTMAN,** | : |
| | : **Bankruptcy No. 07-26242-MBM** |
| Debtor. | : |
| **Morton F. Schweitzer and Sally Schweitzer,** | : |
| | : **Chapter 7** |
| Plaintiffs, | : |
| | : |
| v. | : **Adversary No. 08-2010-MBM** |
| | : |
| **Keith A. Kartman,** | : |
| Defendant. | : |

## ORDER OF COURT

**AND NOW,** this **15th day** of **July, 2008**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that Keith Kartman, the instant debtor (hereafter "the Debtor"), **PREVAILS in the instant adversary proceeding** and, thus, the state court judgment claim of the instant plaintiffs, Morton and Sally Schweitzer, which claim was originally for $106,372.60 but is now for $167,114.98, is **DISCHARGED**, that is such claim is not excepted from the Debtor's Chapter 7 discharge (i.e., such claim is not nondischargeable).

BY THE COURT

/s/
M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

copies to:

Mary Bower Sheats
1310 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Jon M. Lewis
231 South Main Street, Suite 205
Greensburg, PA 15601

Robert Shearer
4536 Melwood Road
Leechburg, PA 15656